IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GEORGE EDWARD JARRELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:16-CV-745-WKW |
| ) | (WO) |
| ) | |
| DONALD VALENZA, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

This cause is before the court on a 28 U.S.C. § 2241 petition for habeas corpus relief filed by George Edward Jarrell ("Jarrell"), a pre-trial detainee, in which he challenges his confinement on criminal charges for conspiracy to commit murder and unlawful distribution of a controlled substance pending against him before the Circuit Court of Houston County, Alabama. Specifically, Jarrell complains that he was illegally arrested on these charges on September 18, 2014 absent a warrant and without probable cause, his $150,000 bail on the conspiracy claim is excessive and he has been denied a speedy trial.

On November 2, 2016, the respondents filed an answer in which they argue that the unlawful arrest claim provides no basis for relief in a § 2241 petition. The respondents further argue that the petitioner has failed to exhaust available state remedies with respect to his speedy trial and excessive bail claims. As to his request for dismissal of the charge

against him for lack of a speedy trial, the respondents maintain that the petitioner may file a motion for such relief with the trial court. If unsuccessful on a motion before the trial court, he may present this claim in a motion for writ of mandamus in the Alabama Court of Criminal Appeals. *Respondents' Answer - Doc. No. 12* at 3-4. To the extent the petitioner seeks a reduction in his bail, he may present this claim to the state courts, including the trial and appellate courts, in a petition for writ of habeas corpus relief. *Id*. at 5.

In light of the arguments and evidence presented by the respondents, the court entered an order affording Jarrell an opportunity to demonstrate why this petition should not be dismissed as his unlawful arrest claim provides no basis for habeas relief and his remaining claims are subject to dismissal for his failure to exhaust available state remedies. *Doc. No. 13*. Jarrell filed a response to this order on December 7, 2016. *Doc. No. 17*. In his response, Jarrell continues to challenge the constitutionality of his arrest and argues that he has been denied a speedy trial. However, Jarrell does not dispute his failure to exhaust available state court remedies on his speedy trial and excessive bail claims.

## II.  DISCUSSION

### A.  Illegal Arrest

In accordance with established federal law, the court finds that Jarrell's illegal arrest claims provides no basis for federal habeas relief. *See Hancock v. Slayton*, 541 F. Supp. 436, 438 (W.D. Va. 1972) (citations omitted) ("An illegal arrest per se is not cognizable in a federal habeas proceeding…. This principal is well settled."); *Abraham v. Wainwright*, 407 F.2d 826, 828 (5th Cir. 1969) (holding that District Court properly dismissed

petitioner's illegal arrest claim, standing alone, as an "insufficient ground[] for collateral attack. Even if, arguendo, [petitioner's] arrest was illegal, that alone does not present grounds for habeas relief unless such arrest in some way deprived petitioner of a fair trial."); *Davis v. United States*, 424 F.2d 1061, 1063 (5th Cir. 1970) (finding that a mere allegation of illegal arrest presents no federal question); *see also In re Williams*, 306 F. App'x 818 (4th Cir. 2009) (dismissing § 2241 petition raising claims of illegal arrest, unlawful detention and violation of speedy trial rights where the petitioner could raise his claims in pending criminal case).[1]

## B.  Speedy Trial and Excessive Bail

"Although the statutory language of § 2241 itself does not contain a requirement that a petitioner exhaust state remedies, ... the requirements of § 2254 -- including exhaustion of state remedies -- apply to" Jarrell as he challenges the validity of state court actions which have resulted in his confinement. *Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004). "'[T]he writ of habeas corpus is a single post-conviction remedy principally governed by two different statutes,' § 2241 and § 2254, with the second of those statutes serving to limit the authority granted in the first one. [*Medberry v. Crosby*, 351 F.3d 1049, 1059-1062 (11th Cir. 2003)]. For that reason, even though [Jarrell] brought his petition seeking habeas relief under § 2241, he is nevertheless subject to

---

[1] The court notes that the petitioner currently has a 42 U.S.C. § 1983 action pending before this court in which he challenges the constitutionality of his arrest on the same grounds as those set forth in the instant habeas petition. *Jarrell v. Davis*, et al., Civil Action No. 1:16-CV-16-MHT-TFM (M.D. Ala.). Moreover, if the petitioner had set forth claims arising from his arrest which went to the fundamental fairness of his state criminal proceedings and since the criminal charges remain pending against the petitioner with his trial set to begin on January 30, 2017, it is clear that the *Younger* abstention doctrine would operate to bar this court's interference with the state court proceedings with respect to any such claims. *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Court "unequivocally reaffirmed the 'fundamental policy against federal interference with state criminal prosecutions… Accordingly, the [*Younger*] Court held that in the absence of exceptional circumstances creating a threat of irreparable injury 'both great and immediate,' a federal court must not intervene by way of either injunction or declaratory judgment in a pending state criminal prosecution." *Kugler v. Helfant*, 421 U.S 117, 123 (1975).

§2254's exhaustion requirement" because the custody he seeks to challenge arises from the orders of a state court. *Dill*, 371 F.3d at 1302-1303. The law directs that this court shall not grant relief on a petition for writ of habeas corpus "unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). A petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In order to properly exhaust his state remedies, a petitioner must fairly present the alleged constitutional violations on which he seeks relief to the state's highest court for review. *O'Sullivan v. Boerckel*, 526 U.S. 828, 845 (1999).

The evidentiary materials filed in this case, including the state court record, establish that Jarrell has not yet exhausted his available state court remedies with respect to the claims presented in the instant petition for habeas corpus relief regarding denial of a speedy trial and setting of excessive bail. In addition, to the extent Jarrell seeks to present a federal defense to the charges lodged against him, i.e., denial of a speedy trial, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to as state criminal charge prior to judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 93 S.Ct. 1123, 1127 (1973) (internal citation omitted). The law is well settled that to circumvent the exhaustion requirement, a petitioner must demonstrate there is an "absence of available state corrective process" or "circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii); *see Duckworth v. Serrano,* 454 U.S. 1, 3 (1981). Jarrell has failed to establish that state court remedies are unavailable or that such remedies are ineffective. This court does not deem it appropriate to rule on the merits of Jarrell's

speedy trial and excessive bail claims without first requiring that he first exhaust available state remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

> Furthermore, under principles of comity and federalism, a federal court should abstain from intervening in a state criminal prosecution until all state criminal proceedings are completed and a petitioner exhausts [all] available state [court] remedies, unless the petitioner demonstrates (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *Younger v. Harris,* 401 U.S. 37, 44–46 & 53–54 (1971); *see Braden,* 410 U.S. at 489; *Hughes v. Att'y Gen. of Fla.,* 377 F.3d 1258, 1263 (11th Cir.2004). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox,* 457 F.2d 764, 764–65 (9th Cir.1972). Absent such exceptional circumstances, a pretrial detainee may not adjudicate the merits of his constitutional claims before a judgment of conviction has been entered by a state court. *Braden,* 410 U.S. at 489. "Derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id.* at 493. Federal habeas relief should not be used as a "pretrial motion forum for state prisoners." *Id*.
>
> [The petitioner] has not alleged facts showing that his prosecution is motivated by bad faith, nor has he alleged facts entitling him to review under the "irreparable injury" exception. *See Younger,* 401 U.S. at 53–54 (citing *Watson v. Buck,* 313 U.S. 387, 402 (1941) (finding that irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief); *Carden v. Montana,* 626 F.2d 82, 84 (9th Cir.1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."). Finally, [as discussed above, the petitioner] fails to show that he has no available state corrective process, and he presents no argument that would warrant federal court interference in the normal functioning of the state's criminal processes. Alabama's state courts have adequate and effective state procedures for review of [the petitioner's] constitutional claims either before trial or, in the event [the petitioner] is convicted, through appellate and post-conviction proceedings.
>
> For the reasons noted above, this court concludes that [the petitioner] has not shown that he should be excused from the exhaustion requirement. He has not shown an absence of available state corrective process or that exceptional circumstances exist

that render such process ineffective and that would warrant federal intrusion at this juncture. Accordingly, pretrial habeas interference by this court is not authorized in this case. *See Braden,* 410 U.S. at 493. After exhausting available state remedies, [the petitioner] may pursue federal habeas proceedings.

*Robinson v. Hughes*, Civil Action No. 1:11-CV-841-TMH, 2012 WL 255759, at *2-3 (M.D. Ala. Jan. 5, 2012), Recommendation adopted (Jan. 27, 2012).

In light of the foregoing, the court concludes that Jarrell must first exhaust his available state court remedies on the speedy trial and excessive bail claims prior to seeking habeas relief in this court.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief be DENIED.

2. The petition be DISMISSED without prejudice to allow the petitioner an opportunity to exhaust available state court remedies with respect to the speedy trial and excessive bail claims and to proceed on his illegal arrest claims in the § 1983 action pending before this court.

It is further ORDERED that on or before February 17, 2017 the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH

Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE this 19th day of January, 2017.

                                    /s/Terry F. Moorer  
                                    TERRY F. MOORER  
                                    UNITED STATES MAGISTRATE JUDGE